UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOLLY P.,

                        Plaintiff,

v.                                                                       CASE # 20-cv-01611

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>ANTHONY J. ROONEY, ESQ |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  **RELEVANT BACKGROUND**

    A.  **Factual Background**

Plaintiff was born on April 20, 1978 and has at least a high school education. (Tr. 98, 102). Generally, plaintiff's alleged disability at the time of application was migraine headaches. (Tr. 101). Her alleged onset date of disability was January 1, 2009, and her date last insured was September 30, 2011. (Tr. 98).

    B.  **Procedural History**

On October 4. 2018, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 15). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On December 27, 2019, plaintiff appeared before ALJ Robert Gonzalez. (Tr. 24-36). On January 8, 2020, ALJ Gonzalez issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-19). On September 11, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

    C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act through September 30, 2011.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2009 through her date last insured of September 30, 2011 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following medically determinable impairment: migraine headaches (20 CFR 1521 *et seq*.).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities

       for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

5.     The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2009, the alleged onset date, through September 30, 2011, the date last insured.

(Tr. 12-19).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff asserts the ALJ erred in finding no severe impairment. (Dkt. No. 11 at 8 [Pl's Mem. of Law]).

### B.    Defendant's Arguments

Defendant responds that the ALJ properly considered plaintiff's migraine headaches. (Dkt. No. 12 at 4).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

At the second step of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is an impairment that significantly limits a claimant's ability to perform basic work activities. *See* 20 C.F.R. § 404.1522(a). It must cause "more than minimal limitations in her ability to perform work-related functions." *Donahue v. Colvin*, No. 6:17-CV-06838 (MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018) (slip copy); Social Security Ruling (SSR) 85-28, 1985 WL 56856. "The mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe." *Ryan v. Colvin*, No. 15-CV-74S, 2017 WL 2240256, at *3 (W.D.N.Y. May 23, 2017) (unpublished); *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp.3d 282, 296 (W.D.N.Y. 2016) (citation omitted). Rather, severity is determined by the limitations the impairment imposes on the claimant, "not merely by its diagnosis." *Tanner v. Comm'r of Soc. Sec.*, No. 5:15-CV-577 (TJM/ATB), 2016 WL 3189754, at *4 (N.D.N.Y. May 11, 2016), report and recommendation adopted, 2016 WL 3190227. Plaintiff bears the ultimate burden of proving that she was disabled throughout the period for which benefits are sought, *i.e.*, from her January 1, 2009, alleged disability onset date through her September 30, 2011, date last insured. *See* 20 C.F.R. § 404.1512(a); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Schauer v. Schweiker*, 675 F.2d

55, 59 (2d Cir. 1982). Furthermore, a physical or mental impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521.

As clearly conveyed by the ALJ at the hearing, the medical evidence of record did not include any medical source statement from a doctor indicating a severe impairment or functional limitations for the period which plaintiff was alleging disability. (Tr. 27). He also noted that the records in the file did not have evidence with regard to signs, symptoms, and clinical findings outside of records for two pregnancies and OB reports. (*Id.*).  Plaintiff's representative agreed with the ALJ's assessment of the records and also conceded that there were no outstanding records. (*Id.*). However, plaintiff asserted at the hearing, and in her brief to this Court, that an August 6, 2004 complaint of severe migraines to her gynecologist, hormone therapy for migraines on September 6, 2008, and commencing treatment with a neurologist in December 2012 is substantial evidence establishing her migraine headaches were a severe impairment from January 1, 2009 to September 30, 2011. (Tr. 28; Dkt. No. 11 at 12). This Court does not agree that the two treatment records in the span of four years prior to the alleged onset date and over a year after the date last insured is sufficient to demonstrate that her migraines significantly limited her work-related functioning during the relevant period. In sum, the plaintiff has not met her burden of proving her migraines caused more than minimal limitations in her work-related functioning during the relevant period.

The ALJ properly noted that "while the record and testimony establish a diagnosis of migraine headaches during the period at issue, the record does not contain sufficient objective evidence regarding the extent of treatment received or the intensity and severity of the claimant's symptoms between the alleged onset date of January 1, 2009 and the date last insured of September 30, 2011." (Tr. 19).  Plaintiff concedes in her brief that there is a lack of objective findings to support her claim but argues that migraines do not present with objective findings and also cites

6

case law pertaining to mental impairments. (Dkt. No. 11 at 10, 14-15). However, objective medical evidence is "medical signs, laboratory findings, or both." *Id*. § 404.1513(a)(1); *see also id*. § 404.1502 (defining "medical signs" and "laboratory findings"). Importantly, a claimant's "statement of symptoms, a diagnosis, or a medical opinion" cannot establish the existence of an impairment but rather the evidence establishing the impairment must be objective. *Id*. § 404.1521. Regarding migraines specifically, claimants can proffer evidence in the form of neurological findings upon examination, computerized tomography (CT) scans of the head and magnetic resonance imaging (MRIs) of the brain. Here, even considering records from outside of the relevant period, those specific data points were either absent or negative. (Tr. 145 (normal neurological exam), 148 (same), 157, 163, 166, 170, 172, 173, 175, 178, 181, 183, 184, 186, 189, 192, 204, 207). Thus, the ALJ appropriately found that the objective medical evidence did not support plaintiff's allegations of disability. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (stating "[w]e will not find an individual disabled based on alleged symptoms alone" and must look to objective medical evidence). The burden was on plaintiff to present such evidence of disability, and she did not do so. Plaintiff cites case law of mild to moderate limitations and records of medication or complaints as sufficient for the *de minimis* standard of finding a severe impairment but as discussed above, concedes this case was devoid of such evidence. (Dkt. No. 13 at 2). While plaintiff may interpret the evidence differently, the ALJ's reasonable conclusions are entitled to deference upon judicial review. *See Biestek*, 139 S.Ct. at 1154, 1157 (emphasizing the "not high," deferential standard afforded to the ALJ's factual findings, which is even less demanding than the "clearly erroneous" standard).

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

**DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED.**

Dated: July 21, 2022  		*J. Gregory Wehrman*  *J.G.W.*
Rochester, New York  		HON. J. Gregory Wehrman
			United States Magistrate Judge